■ STARRETT BROTHERS AND EKEN, INC., et al., Appellants, v CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County, entered August 1, 1975, in favor of defendant, is unanimously affirmed, without costs and without disbursements. In this negligence action to recover damages allegedly caused by an overflow of sewage water due to defendant city's negligent construction or maintenance of the sewer, the jury returned a verdict for defendant on the issue of liability. Other water besides the sewage had flowed onto plaintiffs' construction site. The Trial Justice did not charge the jury with respect to concurrent causation. Instead he charged the jury that if the jury found "that the damages sustained by the plaintiff on its property was occasioned solely as a result of water flowing from the 96th Street sewer [the] City operated," their verdict should be for the plaintiffs. He also charged that if the jury found "on the other hand that the overflow of sewage did not come from any City sewer but from another source entirely," their verdict should be for the defendant. He also declined to charge as to concurrent negligence by two or more tortfeasors. If the case had involved issues of concurrent causation or concurrent negligence, the charge would clearly have been error. But in fact, the plaintiffs' theory of the case, evidenced by the complaint and summation, was that plaintiffs' damage was caused entirely by the sewage water from the city's sewer; and defendant's theory of the case was that plaintiffs' damage, if any, did not come at all from any city sewer. The Justice's charge presented these two alternatives to the jury, omitting the middle ground that the damage might have been caused in part by the sewage water and in part by other causes or persons. In the light of the contentions of the parties and the plaintiffs' theory of their case, the charge did not constitute reversible error. The error claimed relates to a relatively minor part of the court's charge. On the whole we think the charge fairly presented the issues to the jury and the jury simply decided the case against plaintiff. Concur—Kupferman, J. P., Murphy, Birns, Silverman and Nunez, JJ.